909 F.2d 1496
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nadia M. DERKACH, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 90-3117.
 United States Court of Appeals, Federal Circuit.
 July 25, 1990.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 In this appeal petitioner challenges the decision of the Merit Systems Protection Board (MSPB), No. SF07528910674, which became final on December 1, 1989, and which affirmed the June 16, 1989 action of the National Park Service, Department of the Interior, dismissing her for excessive absences. We affirm.
 
 OPINION
 
 2
 Pursuant to our limited review authority, 5 U.S.C. Sec. 7703(c) (1988), we review the decision of the MSPB to determine if it was arbitrary, capricious, an abuse of discretion, obtained without lawful procedures having been followed or otherwise not in accordance with law. Petitioner suffered from back trouble and in February 1988 informed her employer that she would undergo back surgery on March 31, 1988, and would require leave for about 3 months. She departed her office, however, on March 11, 1988. Thereafter, her recovery was slow and she requested several extensions of leave which were granted, the last approved through March 31, 1989. Her doctor advised her employer that he did not think she could return even to light duty work before July 15, 1989.
 
 
 3
 The National Park Service informed petitioner that her long absence had caused the agency considerable hardship and that she must return to work on April 17, 1989, or she would face discharge. When she did not return to work she was issued a notice of proposed removal which was effected as shown above. Although she claimed handicap discrimination before the MSPB, that issue is not before us because petitioner was made conscious of our lack of jurisdiction over discrimination cases, and on January 17, 1990, she executed a waiver of any such claim in this court.
 
 
 4
 At the MSPB hearing, the extent of leave granted her was shown to have exceeded the agency's maximum allowances. It was also demonstrated that petitioner's prolonged absences placed a great burden on her agency, thwarting the mission of her office. Although reasonable efforts had been made for temporary replacements, they proved unsatisfactory, costly and inefficient. Her claims for relief are without merit. The MSPB decision was without legal or factual error, was supported by substantial evidence, and demonstrated that her discharge was clearly authorized for the efficiency of the service. Petitioner's arguments to the contrary or that the MSPB otherwise committed error are unconvincing.
 
 
 5
 The decision of the Merit Systems Protection Board is affirmed.